IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR OMNI NATIONAL BANK, Plaintiff, vs. SHOLOM RUBASHKIN, TZVI RUBASHKIN, and AARON RUBASHKIN a/k/a ABRAHAM RUBASHKIN, Defendants. | No. C09-1026 RULING ON MOTION TO INTERVENE |
| VALUE RECOVERY GROUP, L.P., Plaintiff, vs. AARON RUBASHKIN a/k/a ABRAHAM RUBASHKIN, Defendant. | |

This matter comes before the Court on the Motion to Intervene (docket number 22) filed by Nevel Properties Corporation on September 14, 2010, and the Resistance (docket number 25) filed by the Plaintiffs on September 22, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

1

## I. PROCEDURAL HISTORY

This case was initiated on March 12, 2009, with the filing by Omni National Bank ("Omni") of a Petition at Law in the Iowa District Court for Allamakee County. On March 27, 2009, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Omni. Defendants Sholom Rubashkin, Tzvi Rubashkin, and Aaron Rubashkin ("the Rubashkins") filed an answer to the petition on April 20, 2009. On June 24, 2009, the action was removed by the FDIC to the United States District Court for the Northern District of Iowa.

On February 1, 2010, the FDIC filed an amended complaint. The Rubashkins have failed to file an answer or any other responsive pleading in federal court. Attorney Charles R. Kelly, who appeared on the Rubashkins' behalf in state court, advised the clerk of court that he would not be representing the Rubashkins in federal court. On September 30, 2010, attorney Michael P. Mallaney filed an appearance on the Rubashkins' behalf.

On August 13, 2010, the FDIC filed a motion to amend the complaint, asking that Value Recovery Group ("VRG") be added as a plaintiff real party in interest. According to the motion, the FDIC, as receiver for Omni, remains the real party in interest in the promissory note and personal guarantees described in Count I of the amended complaint, while the FDIC "conveyed the rights, title and interest in the leases that are the subject of the allegations contained in Count II of the Amended Complaint to VRG in a private-public joint venture." The motion was granted and VRG became a named plaintiff in the second amended complaint, filed on September 1, 2010. Again, the Rubashkins have not answered or filed any other responsive pleading.

On September 7, 2010, the FDIC and VRG each filed a motion for summary judgment. On September 30, 2010, one day before the deadline for filing resistances to the motion for summary judgment, the Rubashkins filed a motion for extension of time, requesting an additional 30 days to resist.

2

On September 14, 2010, Nevel Properties Corporation ("Nevel") filed the instant Motion to Intervene. Attached to the motion is Nevel's "Resistance to Motion for Summary Judgment." On the following day, Nevel separately docketed the resistance to motion for summary judgment. The FDIC and VRG responded by filing a motion to strike, asserting that the resistance should not have been docketed, since Nevel is not a party to this action. The FDIC and VRG also filed a resistance to Nevel's motion to intervene.

## II. RELEVANT FACTS

The second amended complaint is in two counts. In Count I, the FDIC, as receiver for Omni, asserts that Sholom Rubashkin and Aaron Rubashkin executed a promissory note to Omni, on behalf of Nevel Properties Corporation, in the amount of $300,000. According to the complaint, Sholom Rubashkin, Tzvi Rubashkin, and Aaron Rubashkin each executed a personal guarantee as security for Nevel's debt. The FDIC asserts that the note has been breached, and that it is entitled to judgment against the Rubashkins on their personal guarantees.

In Count II, VRG asserts that Omni and Agriprocessors, Inc. entered into certain leasing and financing agreements between December 15, 2005 and March 26, 2008. It is alleged that Abraham Rubashkin executed a personal guarantee for all debt owing by Agriprocessors.[1] VRG asserts that the leasing and financing agreements have been breached, and that it is entitled to judgment against Abraham Rubashkin on his personal guarantee.

In its instant motion to intervene, Nevel describes itself "as primary obligor or any outstanding funds do [sic] and owing the Federal Deposit Insurance Corporation as Receiver for Omni National Bank." Nevel further asserts that it filed for Chapter 11 bankruptcy relief on March 2, 2009. According to the motion, the FDIC is designated as

---

[1] According to the Complaint, Aaron Rubashkin is also known as Abraham Rubashkin.

3

an "unimpaired claim" in Nevel's plan of reorganization, and "it will receive full payment of its claim on the effective date of the Plan of Reorganization." No mention is made of VRG's claim.

## III. DISCUSSION

Preliminarily, the Court notes that Nevel failed to comply with Local Rule 7.d, which requires a moving party to prepare a brief "containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." The Court finds that the motion to intervene should be denied on that basis. For the reasons which follow, however, the Court also concludes that the motion should be denied on its merits.

### A. Intervention as a Matter of Right

FEDERAL RULE OF CIVIL PROCEDURE 24(a) provides that on timely motion, the Court *must* permit anyone to intervene who is given an unconditional right to intervene by federal statute, or who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). Nevel does not claim any unconditional right to intervene by federal statute. Accordingly, to intervene as a matter of right, Nevel (1) must file a timely motion, (2) establishing that it has a "recognized interest" in this action, (3) which might be impaired "by the disposition" of this case, and (4) its interest will not be adequately protected by the Rubashkins. *South Dakota v. United States Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

#### 1. Is the Motion Timely?

The Court first addresses the issue of whether the motion is timely. "The timeliness of a motion to intervene is determined from the totality of the circumstances." *Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995). Factors to be considered by the Court in

4

determining whether a motion is timely include "the progress of the litigation at the time intervention is sought, the length of the delay, the reason for the delay, and the prejudice other parties would suffer if the intervention were permitted." *EEOC v. Westinghouse Elec. Corp.*, 675 F.2d 164, 165 (8th Cir. 1992). There are, however, "no ironclad rules" which govern a determination of timeliness. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993).

The first factor identified in *Westinghouse* is "the progress of the litigation at the time intervention is sought." 675 F.2d at 165. This case is in its late stages. The discovery deadline expired four months ago. The dispositive motions deadline has expired. Both Plaintiffs have filed motions for summary judgment. The trial ready deadline is only one month away.

The Court must next consider the length of the delay in filing the motion to intervene, and the reason for the delay. This case was filed in state court on March 12, 2009. The Rubashkins were served shortly after that time and filed an answer on April 20, 2009. Defendants Sholom Rubashkin and Tzvi Rubashkin are Nevel's shareholders. Accordingly, Nevel has known about this case since its inception, but failed to take any action until 18 months later. Nevel offers no explanation for its delay in filing the motion to intervene.

Finally, the Court is required to consider whether the parties will be prejudiced by Nevel's intervention. If Nevel is permitted to intervene at this late date, it will necessarily delay the proceedings. As such, Plaintiffs will be prejudiced. After considering the totality of the circumstances, including the factors identified by the Court in *Westinghouse*, the Court concludes that Nevel's motion to intervene was not timely filed.

### 2. *Does Nevel Have a Recognized Interest Which May be Impaired by the Disposition of this Case?*

The Court has concluded that Nevel's motion to intervene is not timely and, therefore, may be denied for that reason. The Court also concludes, however, that Nevel's stated interest in this case does not meet the requirements for intervention as a matter of

5

right, as found in Rule 24(a). FEDERAL RULE OF CIVIL PROCEDURE 24(a) establishes a right to intervene under two circumstances: First, the court must permit anyone to intervene who "is given an unconditional right to intervene by federal statute." Rule 24(a)(1). Nevel does not claim that there is any federal statute which gives it an unconditional right to intervene in this case. Second, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(a)(2).

While Nevel summarily asserts that "disposition of the instant action may impair or impede Debtor, Nevel Properties Corporation's ability to protect its interest," it fails to identify *how* the corporation's interests would be affected by the instant action. In their amended complaint, Plaintiffs seek judgment against the Rubashkins on their personal guarantees. No relief is sought against Nevel, or any of Nevel's interests. Nevel fails to explain how judgment against the Rubashkins "may impair or impede" its interests.

In summary, Nevel's motion to intervene was not timely filed, Nevel has failed to identify a "recognized interest" in this action, and it has failed to demonstrate how its interests might be impaired by the disposition of this case. Parenthetically, the Court also notes that Nevel's shareholders are two of the named Defendants, who should be able to adequately protect Nevel's interests. The Court concludes that Nevel has failed to demonstrate its right to intervene pursuant to Rule 24(a).

### B. Permissive Intervention

FEDERAL RULE OF CIVIL PROCEDURE 24(b) provides that on timely motion, the court *may* permit anyone to intervene who is given a conditional right to intervene by a federal statute, or who

> has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1)(B). Nevel does not claim that it is given a conditional right to intervene by a federal statute. Accordingly, to prevail on its request for permissive

intervention, Nevel must (1) file a timely motion, (2) establishing "a claim or defense" that shares a common question of law or fact with this case.

As set forth above, the Court concludes that Nevel's motion to intervene was not timely filed. Accordingly, it fails for that reason. While Nevel claims that it "may have a claim or defense through this main action," it provides no support for that assertion.

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion to Intervene (docket number 22) filed by Nevel Properties Corporation on September 14, 2010 is **DENIED**.

DATED this 1st day of October, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA